THE SNOW HILL LIVESTOCK COMPANY v. J. W. HOLLAND ET AL.

(Filed 5 March, 1924.)

**Injunction—Mortgages—Liens—Questions for Jury—Appeal and Error.**

There was evidence that the intervener, who had acquired from the plaintiff a purchase-money mortgage of defendant on two mules, the subject of claim and delivery, in turn had sold these mules to defendant and took a purchase-money mortgage thereon for the balance of the purchase price, and that thereafter the plaintiff sold defendant another mule, and to secure the balance of the purchase price took a mortgage thereon and on the two mules sold to defendant by the interveners and subject to the latter's mortgage, but registered subsequent thereto: *Held,* an instruction directing a verdict upon the evidence in intervener's favor, in effect that the intervener's mortgage lien was prior to that of plaintiff, was reversible error to the plaintiff's prejudice, its priority and validity to be determined by the jury upon the evidence.

APPEAL by plaintiff from *Horton, J.,* at December Term, 1923, of GREENE.

Civil action in debt, brought by plaintiff against the defendant, J. W. Holland, wherein an ancillary writ of claim and delivery was issued to recover certain personal property described in the pleadings, and upon which the plaintiff claims to hold a mortgage.

The defendant filed no answer, but J. C. Exum intervened, gave bond and took possession of the property, claiming title to the same by virtue

of a superior lien or prior mortgage. The issue, therefore, is one of priority between the plaintiff and the intervener as to the title and right of possession to the property in question.

There was a verdict for the intervener, and from the judgment rendered thereon plaintiff appealed, assigning errors.

*Langston, Allen & Taylor and J. Paul Frizzelle for plaintiff.*
*George M. Lindsay for intervener.*

STACY, J. The controversy as between the plaintiff and the intervener is over the prior claim and superior right to the possession of two mules. The essential facts are as follows:

1. The mules in question were sold by the Snow Hill Livestock Company to one J. H. Edwards on or about 10 January, 1914, and a title-reserved contract or mortgage to secure the purchase price of said mules was taken from said Edwards and duly registered. On or about 2 May, 1915, for value received, the Snow Hill Livestock Company assigned and transferred this purchase-money contract or mortgage to J. C. Exum, intervener herein.

2. Thereafter, on or about 1 September, 1917, the defendant, J. W. Holland, purchased said mules from J. C. Exum, or from J. H. Edwards with Exum's consent, and executed direct to J. C. Exum a chattel mortgage to secure the balance due on the purchase price of said mules. This mortgage was not registered until some time between 26 November, 1917, and 18 December, 1917. Exum contends that both mortgages are valid. This is denied by plaintiff.

3. On 24 November, 1917, the plaintiff sold to J. W. Holland another mule for $425, and, to secure the purchase price of same, took a mortgage on the mule sold and the two mules in dispute. This mortgage was duly registered on 26 November, 1917, prior to the registration of the Exum mortgage, mentioned in paragraph 2, above.

4. On 18 December, 1917, the defendant carried the mule back which he had purchased on 24 November, and exchanged this mule for another, valued at $400. It is the contention of the plaintiff that this exchange, by agreement, was not to affect the security given on 24 November, and the note of $425 was simply to be credited with a payment of $25. Intervener controverts this contention.

On the issue as to whether the intervener was the owner and entitled to the possession of the two mules in question, the court instructed the jury as follows:

"Now, as to the first issue, the court charges you, if you find from the evidence in this case, and by its greater weight, that, at the time these mules were seized under claim and delivery in this case, the

defendant Holland was indebted to the intervener, J. C. Exum, on either the first note executed by Edwards to the Snow Hill Livestock Company, and then transferred to Exum, or if indebted to J. C. Exum under the last two notes recorded in December, 1917, you will answer the first issue 'Yes.' "

We think this instruction must be held for error on plaintiff's exception. His Honor here in effect holds that the plaintiff's mortgage executed 24 November, 1917, and registered two days thereafter, is of no effect. Its validity and priority must be determined by the facts as found by the jury. To this end, let the cause be remanded for another hearing.

New trial.